798

**MARTIN et al. v. RUTLAND COURT OWNERS, Inc.**

No. 9644.

United States Court of Appeals District of Columbia Circuit.

Argued May 14, 1948.

Decided Oct. 18, 1948.

Mr. Arthur G. Lambert, of Washington, D. C., with whom Mr. George L. Hart, Jr., of Washington, D. C., was on the brief, for appellants.

Mr. Howard Boyd, of Washington, D. C., with whom Mr. Edward B. Williams, of Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, PROCTOR, and GRONER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Mrs. Clotilde White leased to Chester Martin her individually owned unit in a cooperative apartment building in the District of Columbia. Martin and his family moved in on Saturday, August 18, 1945. When he came home from work the following Monday afternoon, he could not open the front door of his apartment. The janitor, whom he called, succeeded in opening it after a few minutes of effort. Binding or sticking at the bottom had caused the difficulty and Martin told the janitor the condition should be corrected.

As Mrs. Martin left the apartment Tuesday morning, she twice tried unsuccessfully to close the door from the outside. When she pulled a third time, the knob came off and she fell in the outer hall and broke her hip.

The Martins sued in the District Court of the United States for the District of Columbia to recover $60,000 from Mrs. White and from Rutland Court Owners, Inc., the corporation which held legal title to the building, issued certificates of ownership and right of occupancy to purchasers of apartments, and generally managed and operated the property. Mrs. White, being out of the country, was not served with process, so the litigation proceeded against the corporation alone.

It was alleged in the complaint that the front door of the apartment "was defective in that it could not be closed or opened without applying undue pressure and that there was difficulty in locking and unlocking the door and in turning the latch." Negligence was charged in two forms: first, in failing to repair after notice of a defective condition; second, in undertaking to repair but doing it so negligently as to cause the injury. The court declined to submit the first issue, holding it was not the defendant's duty to make the repair.

On the second issue the jury found for the defendant.

The plaintiff is here as appellant, seeking a reversal on the sole ground that the court erred in ruling the defendant had no duty to make the repair.

Appellee was not the landlord of the appellant, Màrtin, and had no contractual relation with him. Assuming, without deciding, that the corporation owed him, as Mrs. White's tenant, the same duty it owed to her, we find no obligation upon the appellee to make repairs such as that involved here. In the contract between the appellee and Mrs. White, she agreed to "properly maintain, care for and improve" her own apartment. Appellee agreed only "to maintain and operate" the building for the use and benefit of all the cooperative owners. The District Court's ruling was correct.

Affirmed.